Agnes, A.J.
1. Introduction
The Plaintiff, Larry T. Lozoraitis (Lozoraitis) has filed an emergency motion requesting permission from the court to depose the defendant’s expert witnesses pursuant to Mass.R.Civ.P. 26(b)(4)(A)(ii). This is an action for damages resulting from a motor vehicle accident in which Lozoraitis suffered personal injuries when struck by a car driven by Defendant Janice Lachman (Lachman). The Plaintiff is seeking to conduct depositions with defense witnesses, Dr. Steven H. Sewall (Sewall) and Dr. Gordon Lupien (Lupien) on the grounds that he only recently learned that they would testify in the case as opposed to the mere submission of their report pursuant to G.L.c. 233, §79G.
2. Background
On December 6, 1996, Lozoraitis sustained several injuries in a motor vehicle accident. Lozoraitis had been standing between two vehicles on the side of the road when Lachman slid off a snow-covered street and struck the plaintiff at knee-level crushing himbetween the other vehicles. At the time of the accident Lozoraitis was employed as a postal worker, and was able to return to work full time during December of 1997. Although Lozoraitis had preexisting knee and back problems, he is now only able to perform the lighter duties at work, his conditions have worsened, and he has undergone significant medical treatment since the time of the accident. Lozoraitis was evaluated by Dr. Sewall on December 5, 1997, and by Dr. Lupien on August 28, 2001.
3. Discussion
Mass.R.Civ.P. 26(b)(4) provides that “discovery of facts and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: (A) (i) . . . through interrogatories . . . (ii) Upon motion, the court may order further discovery by other means subject to such restrictions as to scope and such provisions pursuant to (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.” Neither the Massachusetts rule nor the Reporter’s Notes contain any guidance about the exercise of judicial discretion when a motion is filed to take the deposition of an opposing parly’s expert witness who is expected to be a witness at trial. However, there does appear to be a settled Massachusetts practice. “Depositions of experts are sui generis and are governed by Rule 26(b)(4). Generally speaking, in Massachusetts state court, expert depositions of adverse party’s experts are not permitted.” Lauriat, McChesney, Gordon and Rainer, DISCOVERY §6.14 (49 Mass. Prac. 2000 & Supp. 2002) (emphasis original). Federal practice, on the other hand, is quite different as a result of the 1993 amendment to Fed.RCiv.P. 26(b)(4). Under the amended federal rule, “[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.” Fed.R.Civ.P. 26(b)(4).[1]
This Court has previously observed that while the Massachusetts rule does afford judges the discretion to allow depositions of an adverse party’s trial experts, it should only be exercised in certain narrowly defined circumstances. Miller v. Lou’s Service Station, 3 Mass. L. Rpt. 339, 1995 WL 808930, No. CA922337B (Superior Court) (Houston, J.) (1995).[2] Under Mass.R.Civ.P. 26(b), expert witness’s answers to interrogatories are limited to four subjects: (1) the identify of each expert witness expected to be called at trial, (2) the subject matter on which the expert is expected to testify, (3) the substance of the facts and opinions to which the expert is expected to testify, and (4) a summary of the grounds for each opinion expected to be offered by the expert. Mass.R.Civ.P. 26(b)(4)(A) (i). It is only when the answers to these questions are inadequate, incomplete, inconsistent, or when the discovering party is unable to obtain equivalent information through other means, that a court should permit a deposition of an expert witness to be taken. See Miller, 3 Mass. L. Rptr. at 339.[3]
In the present case, the plaintiff maintains that the court should exercise its discretion in favor of permitting him to depose the defendant’s expert witnesses because until recently he was not aware that they would actually testify and that their testimony is crucial to the outcome of the case. Moreover, plaintiff says he will pay the expenses of the deposition. It is clear, however, that a party who takes steps to comply *810 with G.L.c. 233, §79G is not foreclosed from deciding to call the witness to testify at trial. Under the Plaintiffs reasoning, the door would be wide open to deposing any experts whom the opposing party says will be testifying at trial in contrast to the practice which has developed under Mass.R.Civ.P. 26(b)(4). None of these factors cited by the plaintiff appears to take this case outside of the default position under Mass.R.Civ.P. 26(b)(4) which is that ordinarily depositions of an adverse party’s expert witnesses are not permitted.[4]
It is certainly true that a practice, no matter how settled it may be, is not a hard and fast rule, and there is nothing in Mass.R.Civ.P. 26(b)(4) that would prohibit a more liberal exercise of the court’s discretion to effectuate a practice like that extant in federal court with respect to the use of depositions of an adverse party’s expert witnesses. However, if taking depositions of an adverse party’s experts became a matter of routine practice, it could lead to problems that could produce additional delays and costs in an already slow and expensive civil litigation system including the potential need for parties to return to court for protective orders, and the potential for further discovery requests as a result of issues that arise during the deposition. Before the Massachusetts practice is abandoned, there should be a careful review of the experience in the federal system. This may be an appropriate subject for a bench-bar forum to consider, or an appropriate subject of rule-making.
4. Conclusion
In the absence of evidence that expert witness interrogatories are inadequate, incomplete, inconsistent, or when the discovering party is unable to obtain equivalent information through other means — factors not present here — ordering the depositions of an adverse party’s expert witnesses engaged in anticipation of litigation is not warranted in the exercise of this court’s discretion under R. 26(b)(4). For the above stated reasons the Plaintiffs motion to conduct expert depositions is DENIED.

It appears that federal practice was different from Massachusetts practice even before the 1993 amendment. For example, the Reporter’s Notes to the amended federal rule, Fed. Rule Civ. P. 26(b)(4), state that It was designed to conform “the norm stated in the rule to the actual practice followed in most courts, in which deposition of experts has become standard.”

It must be acknowledged, however, that in Müler, supra, this court did not offer any compelling reason for the view taken, and relied on older federal cases that do not reflect the pre-1993 or post-1993 practice in federal court.

There is a distinction drawn between expert witnesses who were engaged in anticipation of litigation and those who have become actors in the suit by actively treating the plaintiff. Burgess v. Medical Center of Greater Lowell, P.C., 14 Mass. L. Rptr. 310, 2002 WL 192411, 1 (Mass. Super.), No. 99-03458 (Middlesex) (Agnes, J.) (2002). If a doctor is the subject of a medical malpractice suit, or was the plaintiffs treating physician, the witness is subject to deposition only regarding matters beyond those facts and opinions which were gathered in anticipation of litigation. See Nelco Corp. v. Slater Elec. Inc., 80 F.R.D. 411, 414 (E.D.N.Y. 1978); Burgess, supra.

The parties are free of course to reach agreement about the taking of depositions of each other’s trial experts.