Agnes, A.J.
1. This is a civil action that arises from a boating accident. The plaintiffs, Michael and Judith Denzer, allege that the Defendant/Third-Party plaintiff, Paul Barck (Barck) negligently operated a boat on Brandy Pond in Naples, Maine, and, as a result, struck another boat operated by Third-Party defendant Gerald Celli (Celli). The plaintiff Michael Denzer was a passenger in the Celli boat and he alleges that he suffered severe injuries. The plaintiffs also allege that Third-Party defendant Celli was negligent in the operation of his boat. Barck has filed a motion seeking the approval of the court pursuant to Mass.R.Civ.P. 26 (b)(4) (A) (ii) to compel an expert witness for Celli to submit to a deposition.
2.Barck served Celli with interrogatories that included a question about the identity of any expert witness he intended to call at trial and “the substance of the facts and opinions to which each such expert is to testify,” and “a summary of the grounds for each opinion.” On or about June 15, 2004, Celli served Barck with a Supplemental Answer in which he reported that one Jonathan Klopman (Klopman), a marine surveyor from Marblehead, Massachusetts would testify as an expert. In his Supplemental Answer, Celli added, that Klopman “is expected to testify concerning liability and causation . . . that the accident between the boats driven by Paul Barck and Gerald Celli presented a crossing situation.” Further, the Supplemental Answer states that the expert will testify that “the boats approached each other in a crossing situation and collided at a substantially perpendicular angle.” Further, the Supplemental Answer states that the expert will testify “at the time of the accident, Mr. Celli’s boat was the stand-on (privileged) vessel and that Mr. Barck’s boat was the give-way (burdened) vessel,” and that “Mr. Barck’s failure to give way to Mr. Celli was a violation of Maine boating law and was negligent. Mr. Barck also negligently failed to keep a proper lookout, determine the risk of collision, and avoid the collision when the two boats became in extremia.” Further, the Supplemental Answer states that the expert will testify that Mr. Barck’s failure to properly know and understand applicable boating rules and regulations caused or contributed to cause the accident." Further, the Supplemental Answer states that the expert will testify “to the relative speeds of the Celli and Barck vessel.” Barck’s Motion, Appendix B. Barck made several efforts to obtain a copy of Klopman’s report and was rebuffed in his effort to secure consent for a deposition of Klopman. The case proceeded to mediation, but has not settled.
3. In Lozoraitis v. Lachman, 16 Mass. L. Rptr. 809, 2003 WL 22461978 (Mass.Super. Oct. 30, 2003) (NO. CIV.A. 98-1792-B), this court examined Massachusetts law with respect to a party’s request to take the deposition of another party’s expert witness. After reviewing federal law which follows a liberal practice and permits deposition of expert witnesses as a matter of routine, see Fed.R.Civ.P. 26(b)(4), and the Massachusetts rule which is silent on the point, see Mass.R.Civ.P. 26(b)(A)(ii),[1] this court concluded that Massachusetts practice was more restrictive.
Under Mass.RCiv.P. 26(b), expert witness’s answers to interrogatories are limited to four subjects: (1) the identify of each expert witness expected to be called at trial, (2) the subject matter on which the expert is expected to testify, (3) the substance of the facts and opinions to which the expert is expected to testify, and (4) a summary of the grounds for each opinion expected to be offered by the expert. Mass.RCiv.P. 26(b) (4) (A) (i). It is only when the answers to these questions are inadequate, incomplete, inconsistent, or when the discovering party is unable to obtain equivalent information through other means, that a court should permit a deposition of an expert witness to be taken.

Lozoraitis, supra.

4. The decision in Lozoraitis, supra, has been criticized in a law review article in which the author questions whether existing Massachusetts practice is so restrictive, and advocates for a more liberal exercise of judicial discretion to permit the deposition of expert witnesses.
Answers to expert interrogatories are only a starting point, however, in preparing for the cross-examination of an expert and are typically unsatisfactory *710 alone to complete such preparation. The elimination of the required hypothetical question and the increased role of the trial court in acting as a gatekeeper in regard to expert testimony weigh in favor of liberally allowing further discovery of experts, including by way of deposition. Once the court is satisfied that the moving party is seeking further discovery for the purpose of preparing for cross-examination, and not to build his own case, such discovery should typically be allowed. With that protection, there is no reason to treat an expert differently from a fact witness or party for the purpose of allowing depositions or document discovery.
N.G. Apjohn, “Further Discovery of Expert Witnesses Under Massachusetts Rule of Civil Procedure 26,” 88 Mass.L.Rev. 197, 203 (2004) (“Further Discovery”). In fact, the author argues that a more liberal practice might actually produce savings of time and money for the parties and the courts.
Notwithstanding the expert fee-shifting provisions of Rule 26(b)(4), the concerns of expense and delay, raised in Lozoraitis, possibly flowing from routinely taking expert depositions should not be overlooked. Indeed, as the court noted, further discovery of experts may lead to even more discovery requests. Nevertheless, finding out in the midst of trial that an expert has insufficient evidentiary support or methodology for a necessary expert opinion also creates needless expense and delays for the parties and the court. Full pretrial disclosure of expert testimony in such circumstances can lead to a more efficient resolution by way of settlement or summary judgment. Moreover, when expert depositions lead to additional discovery, it is often for the same reason that motions for additional discovery, continuances and mistrials are filed during trial: the lack of prior disclosure of an expert opinion or a ground for the opinion. In sum, the absence of adequate expert discovery can also impose costs, both monetary and in terms of reaching a fair and just result.
Apjohn, Further Discovery, at 203 (footnotes omitted).
5. In the present case, there is an opposition from Celli who maintains that the Barck’s motion is untimely and unwarranted coming as it does nearly eight months after the Supplemental Answer and that the opinions expressed by Klopman are “largely consistent” with those expressed by the expert for the plaintiffs whose report has been disclosed. Celli’s Opposition at 2. In a “limited opposition,” counsel for the plaintiffs maintains that this is not a case in which an expert deposition should be ordered because the factual disputes are not complex, that the Supplemental Answers supplied by the plaintiffs and Celli are sufficient,[2] and that if the motion is granted it will trigger a request for leave to depose the other experts. “The plaintiffs submit that conducting three expert depositions in this relatively straightforward case is wasteful, inefficient and prohibitively expensive. Indeed, the plaintiffs’ expert will have to travel from out of state to attend any deposition ordered by the court.” Plaintiffs’ Limited Opposition at 2. Furthermore, as plaintiffs point out, it is telling that the stated reason why the case did not settle is that defendants are unable to agree on the appropriate apportionment of liability. Id. at 2-3, quoting Barck’s Motion.
6. In Lozoraitis, supra, this court made the following observation:
However, if taking depositions of an adverse party’s experts became a matter of routine practice, it could lead to problems that could produce additional delays and costs in an already slow and expensive civil litigation system including the potential need for parties to return to court for protective orders, and the potential for further discovery requests as a result of issues that arise during the deposition. Before the Massachusetts practice is abandoned, there should be a careful review of the experience in the federal system. This may be an appropriate subject for a bench-bar forum to consider, or an appropriate subject of rule-making.
I continue to believe that a discovery practice in which leave to take the deposition of an expert witness would be granted on the request of a par(y in all but the most unusual circumstances would impose substantial and unnecessary burdens on the court and on litigants. This case illustrates the point. On the other hand, the thoughtful observations and useful suggestions made by attorney Nelson Apjohn in Furthering Discovery, supra, should be considered by judges faced with such questions and those charged with malting recommendations for changes in the Massachusetts Rules of Civil Procedure.
ORDER
For the above reasons, Barck’s Motion to Compel the Deposition of Celli’s expert witness is DENIED.

“Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem proper.” Mass.R.Civ.P. 26(b)(4)(A)(ii).

Counsel for the plaintiffs has included the Supplemental Answer provided by plaintiffs’ expert, Henry Woods, III, a retired naval officer and experienced seaman. Essentially, Mr. Woods opines that it was a crossing accident in which the boats collided in a perpendicular fashion, that Celli’s boat was the stand-on (privileged) boat, while Barck’s boat was the give-way (burdened) boat. He also states that the collision was due to the negligence of Barck based on his consumption of alcohol, excessive speed and failure to keep a proper lookout, and the negligence of Celli in failing to keep a proper lookout. Plaintiffs’ Limited Opposition, Supplemental Answer to Interrogatory 28. •x-'